CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. SPECTOR.

[Cite as *Cleveland Metro. Bar Assn. v. Spector*,

121 Ohio St.3d 271, 2009-Ohio-1155.]

*Attorney misconduct, including failing to act with diligence in representing a client and engaging in conduct involving dishonesty — Indefinite suspension.*

(No. 2008-2383 — Submitted January 21, 2009 — Decided March 19, 2009.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 08-069.

_____

**Per Curiam**.

{¶ 1} Respondent, Robert S. Spector, Attorney Registration No. 0012657, whose last registered address is in Garfield Heights, Ohio, was admitted to the practice of law in Ohio in 1973. His license to practice has been under suspension since December 3, 2007, for failing to comply with attorney registration requirements. See *In re Atty. Registration Suspension of Spector*, 116 Ohio St.3d 1420, 2007-Ohio-6463, 877 N.E.2d 305.

{¶ 2} The Board of Commissioners on Grievances and Discipline has recommended that we now indefinitely suspend respondent's license to practice, based on findings that he committed professional misconduct prior to his suspension, including failing to act on a client's behalf with reasonable diligence and promptness, charging a clearly excessive fee, and acting dishonestly toward a client. Moreover, respondent failed to respond during an investigation of this misconduct. We agree that respondent violated ethical standards as found by the board and that an indefinite suspension is appropriate.

**{¶ 3}** Relator, Cleveland Metropolitan Bar Association, charged respondent with violations of the Rules of Professional Conduct and Rules for the Government of the Bar. The board attempted to serve respondent with the complaint at the address listed on his attorney-registration record, but it was returned as undeliverable. Respondent received notice of the complaint at a different address, but did not answer, and relator moved for default. See Gov.Bar R. V(6)(F). A master commissioner appointed by the board granted the motion, making findings of fact and conclusions of law and recommending the indefinite suspension. The board accepted the master commissioner's findings of misconduct and recommendation.

## Misconduct

**{¶ 4}** The board found that respondent violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence and promptness in representing a client), 1.5(a) (prohibiting a lawyer from charging or collecting an illegal or clearly excessive fee), 1.15(d) (except in circumstances not relevant here, requiring a lawyer to promptly deliver funds or other property that a client is entitled to receive), and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). We accept the board findings that respondent committed this misconduct in his attorney-client relationship with Crystal Szell.

**{¶ 5}** Szell hired respondent in July 2007 to file a motion for relief from a judgment entered against her for approximately $7,000. She paid him $320 and provided original documents needed for her case. Szell called respondent some time later to ask why the court had not yet rendered a decision. Respondent replied that the Parma Municipal Court had lost her paperwork.

**{¶ 6}** Szell then contacted the court, only to learn that respondent had never filed a motion for relief from judgment. When she called respondent's office for an explanation, he returned her call and left a voicemail advising that

one of his associates had failed to file the motion. Respondent then promised to file the motion immediately but never did.

{¶ 7} Though he failed to complete the services Szell paid him to perform, respondent never returned any of her money. He also failed to return her documents or deliver her case file. Szell ended up filing her own motion for relief from judgment. The outstanding judgment against Szell has prevented her from securing a mortgage.

{¶ 8} Based on the evidence set forth below, the board also found that respondent violated Prof.Cond.R. 8.1(b) (except in circumstances not relevant here, a lawyer shall not knowingly fail to respond to a disciplinary authority's demand for information) and Gov.Bar R. V(4)(G) (requiring a lawyer to cooperate during a disciplinary investigation) and VI(1)(D) (requiring a lawyer to update his or her attorney-registration records). We accept the board's findings that respondent committed this misconduct.

{¶ 9} Relator made numerous unsuccessful efforts to obtain respondent's response to the Szell grievance. Though certified letters of inquiry sent to respondent were returned unclaimed, letters of inquiry sent by regular mail were not returned. And in January 2008, respondent acknowledged receipt of a letter of inquiry that an investigator had hand-delivered to him. He later promised in a telephone conversation that he would reply by an appointed deadline. He did not do so. Respondent further failed to update his attorney registration, which complicated service of process in this case.

### Sanction

{¶ 10} Having found the cited misconduct, we must decide the appropriate sanction. To that end, we weigh the aggravating and mitigating factors of respondent's case. See Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of

Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). We find nothing to militate in favor of lenience, but there are many aggravating factors.

{¶ 11} Respondent's continued indifference to his duty to register as an attorney impeded the service of the underlying complaint. His failure to respond to investigative inquiries manifested indifference to his duty to cooperate in disciplinary investigations. See BCGD Proc.Reg. 10(B)(1)(e). Respondent has also failed to acknowledge the wrongfulness of his conduct or make any restitution. See BCGD Proc.Reg. 10(B)(1)(g) and (i). Moreover, his acts and omissions caused harm to a vulnerable client. See BCGD Proc.Reg. 10(B)(1)(h).

{¶ 12} In *Cleveland Bar Assn. v. Church*, 114 Ohio St.3d 41, 2007-Ohio-2744, 867 N.E.2d 834, we held that an indefinite suspension of a lawyer's license was the appropriate sanction for a lawyer who had abandoned two clients' cases, causing financial loss and inconvenience to those clients, and then failed to respond during a disciplinary investigation, even after a personal request from the investigator. Indefinite suspension is equally appropriate here because in addition to having committed similar misconduct, respondent lied to his client regarding the status of court proceedings. We therefore indefinitely suspend respondent from the practice of law in Ohio.

{¶ 13} Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

_____

Tucker, Ellis & West, L.L.P., Frank Osborne, and Karen E. Ross, for relator.

_____